**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

MADISON COUNCIL,

      **Plaintiff,**

                                     **CASE NO.:**

v.

GREAT SOUTHERN
DEMOLITION, INC.,
a Florida Corporation,

      **Defendant.**

                                  /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MADISON COUNCIL hereby sues Defendant GREAT SOUTHERN DEMOLITION, INC., a Florida Corporation, and alleges:

### NATURE OF THE ACTION

1.   This is an action brought under the Pregnancy Discrimination Act (hereinafter "PDA"), 42 U.S.C. §2000e *et seq*, over which this Court has jurisdiction.

2.   This is an action brought under Chapter 760, Florida Statutes, the Florida Civil Rights Act (hereinafter "FCRA").

3.   The Court has concurrent and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## THE PARTIES

4.     At all times pertinent hereto, Plaintiff has been a resident of the State of Florida and was employed by Defendant.

5.     At all times pertinent hereto, Defendant has been a Florida Corporation organized and existing under the laws of the State of Florida.

## TITLE VII, PDA, ADA, AND FRCA STATUTORY PREREQUISITES

6.     Plaintiff is a female "person" who suffered discrimination based on a pregnant condition.  As such she is a member of a class of individuals protected by Title VII, the PDA, the ADA and the FCRA.

7.     Plaintiff was qualified for her position of employment.

8.     Plaintiff suffered an adverse effect upon her employment by being terminated by Defendant with the motivating or determinative factor used by Defendant in the decision making process being Plaintiff's pregnancy, childbirth, need for accommodation, or related medical condition(s).

9.     Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

10.     The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the PDA, the ADA, and the FCRA.

11.     Plaintiff meets the statutory criteria for coverage as an "employee"

under Title VII, the PDA, the ADA, and the FCRA.

12.    Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 5, 2020, which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct.  Plaintiff was issued a right-to-sue letter by the EEOC on November 2, 2020, and which was received by Plaintiff on November 11, 2020.  Therefore this complaint is being filed within 90 days of receiving her right to sue letter.

13.    Accordingly Plaintiff has completed all other Title VII, the PDA, the ADA, and the FCRA requirements and all other prerequisites prior to bringing this lawsuit.

14.    Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

15.    Plaintiff began her employment with Defendant on October 7, 2019, and held the position of Receptionist at the time of her unlawful termination on December 13, 2019.

16.    Plaintiff was qualified for her Receptionist position.  Plaintiff's job duties were to answer telephone calls, communicate messages to the appropriate party, and light clerical duties.

17.    Plaintiff had previous training in Microsoft Office; thus, she had

experience creating simple documents. In fact, Plaintiff regularly utilized Microsoft Office in her courses at Tallahassee Community College.

18.    As such, Plaintiff's resume utilized in obtaining her employment position with Defendant was created by her in Microsoft Word.

19.    On or about October 29, 2019, Plaintiff learned she was approximately thirteen (13) weeks pregnant and immediately advised her supervisor, Ms. Abbott, of her pregnancy.

20.    Ms. Abbott's response to Plaintiff was "Well this is just great, I will have to figure something out. How did you never know?"

21.    On or about November 1, 2019, Ms. Abbott called Plaintiff into her office and stated "had she known of the pregnancy during the hiring process she would not have hired her and she cannot guarantee her job upon return from maternity leave." Plaintiff was thereafter sent home from work early without reason.

22.    Prior to Plaintiff informing Defendant of her pregnancy, Plaintiff's work product was in line with Defendant's expectations and standards. Plaintiff had never received any reprimands nor had she received any oral or written counseling notices by Defendant.

23.    However, on November 1, 2019, after Plaintiff informed Defendant of her pregnancy, Plaintiff was allegedly disciplined by Defendant via a counseling

notice from Defendant stating she had minimal to no knowledge of Microsoft Office programs needed to do her job and she should find online classes to learn Word and basic Excel.

24. Plaintiff was not aware of Defendant's November 1, 2019 counseling notice, nor was she ever offered the opportunity to take any Microsoft Office courses.

25. Defendant signed its November 1, 2019 counseling notice, but Plaintiff did not as she was not made aware of it.

26. Thereafter, Plaintiff sought reasonable accommodations for attending routine prenatal appointments with her obstetrician.

27. Instead of providing accommodations, Defendant wrongfully terminated Plaintiff on December 13, 2019.

28. Defendant's actions were willful and/or were in reckless disregard of the severity of the violations of law represented by the same.

29. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendants should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT I
## VIOLATION OF THE PREGNANCY DISCRIMINATION ACT

30. Paragraphs 1 through 29 are re-alleged and are incorporated herein by

reference.

31.     Plaintiff's pregnancy was a motivating factor in Defendant's decision to terminate her employment in December 2019.

32.     Defendant's adverse employment actions were in retaliation for Plaintiff's protected actions relating to her pregnancy.

33.     Defendant has, with malice or reckless indifference, violated the PDA as incorporated into Title VII by intentionally discriminating against Plaintiff in part because of her pregnancy.

34.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered damages including loss of employment, income, benefits, distress, humiliation, and embarrassment.

**COUNT II**
**VIOLATION OF CHAPTER 760, FLORIDA STATUTES**

35.     Paragraphs 1 through 29 are re-alleged and are incorporated herein by reference.

36.     This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes as it relates to Plaintiff's pregnancy.

37.     Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled/non-pregnant employees.

38.    Defendant is liable for the differential treatment and/or its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

39.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

40.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

41.    Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon disability or perceived disability or Plaintiff's record of having an impairment.

42.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in

the past, are permanent and continuing. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT III
## RETALIATION – CHAPTER 760, FLORIDA STATUTES

43.   Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

44.   Defendant is an employer as that term is used under the applicable statutes referenced above.

45.   The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in protected activity under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

46.   The foregoing unlawful actions by Defendant were purposeful.

47.   Plaintiff engaged in protected activity by asking for reasonable accommodation(s) during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

48.   Plaintiff is a member of a protected class because Plaintiff engaged in protected activity and was the victim of retaliation thereafter.  There is thus a causal connection between the requesting of a reasonable accommodation(s) and the adverse employment action taken thereafter.

49.   As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss

of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant to include compensatory and punitive damages for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees, interest and costs; and

(f)     grant such other further relief as being just and proper under the circumstances.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 1st day of February 2021.

Respectfully submitted,

<u>/s/ Thomas L. Dickens, III</u>
THOMAS L. DICKENS, III, ESQ.
Florida Bar No.: 063687
ALISON BREITER, ESQ.
Florida Bar No.: 1003413
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile:  (407) 204-2208
tdickens@forthepeople.com;
abreiter@forthepeople.com;
mfermaint@forthepeople.com

**ATTORNEYS FOR THE PLAINTIFF**